# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Whitebox Holdings LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>Jeffrey Parket and Robyn Parket,<br><br>          Defendants. | Civil File No. _____<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1.     This Court's jurisdiction arises under 28 U.S.C. § 1332.  The matter in controversy is fraudulent activity relating to a loan in the amount of $4 million.

2.     This action is for fraud, negligent representation, and breach of contract.

3.     Venue is proper in this District because the false representations were made to Plaintiff while in Minnesota, the contracts at issue were executed in Minnesota, the Term Note was delivered in the Minnesota, the contracts have a Minnesota choice of law provision, and Section 11.11 of the Credit Agreement dated November 12, 2021 and signed by both Defendants, provides that "AT THE OPTION OF THE LENDER, THIS AGREEMENT AND THE OTHER LOAN DOCUMENTS MAY BE ENFORCED IN ANY FEDERAL COURT OR

MINNESOTA STATE COURT SITTING IN HENNEPIN COUNTY, MINNESOTA; AND THE BORROWER CONSENT TO THE JURISDICTION AND VENUE OF ANY SUCH COURT AND WAIVES ANY ARGUMENT THAT VENUE IN SUCH FORUMS IS NOT CONVENIENT." (Bold in original).

## PARTIES

4. Plaintiff Whitebox Holdings LLC is a Delaware corporation with its principal place of business at 3303 Excelsior Blvd, Suite #343, Minneapolis, Minnesota 55416.

5. Defendant Jeffrey Parket is a citizen of the state of New York with an address at 200 East 65th Street, Apt 45N, New York, New York 10065.

6. Defendant Robyn Parket is a citizen of the state of New York with an address at 200 East 65th Street, Apt 45N, New York, New York 10065.

## FACTS

7. Jeffrey Parket and Robyn Parket (collectively "Defendants") sought to obtain a loan from Plaintiff in the amount of $4 million.

8. In their attempt to obtain the loan, Defendants made written statements about the Defendants' financial condition.

9. The written statements were materially false.

10.     Plaintiff relied upon the materially false written statements by Defendants regarding their financial condition in deciding to enter into the Agreement providing for the $4 million loan.

11.     Defendants knew that Plaintiff would rely on the false written statements in deciding to enter into the Agreement providing for the $4 million loan.

12.     Defendants caused the materially false written statements to be made with the intent to deceive Plaintiff into granting the loan.

13.     Prior to entering into the contract between the Plaintiff and Defendants on November 12, 2021, Defendants made written statements about the Defendants' financial condition.

14.     On or about October 4, 2021, Defendants provided Plaintiff with an Equity Trust Company Quarterly Statement listing a ROTH IRA value of $18,100,893.70.

15.     This written statement was false.

16.     In October to early November 2021 prior to the November 12, 2021 Agreement, Defendants provided to Plaintiff a JP Morgan Chase Bank, NA "Savings Summary" indicating a value for DCPS SV LLC of $7,216,541.71.

17.     This written statement was false.

18. In October to early November 2021 prior to the November 12, 2021 Agreement, Defendants provided to Plaintiff a JP Morgan Chase Bank, NA "Savings Summary" indicating a value for DCPS SV II LLC of $4,761,364.07.

19. This written statement was false.

20. Defendants provided Plaintiff a November 12, 2021 Agreement with Downtown Capital Partners, LLC ("DCP") executed by Jeffrey Parket and Gary Katz of DCP agreeing to put a "freeze" on any withdrawals or distributions from the DCPS SV LLC or DCPS SV II LLC. The letter represents that Gary Katz executed the Agreement on November 11, 2021 as "receiv[ing] and acknowledg[ing] the instructions" and confirming the value of the combined entities as approximately $11,105,000.

21. The November 12, 2021 Agreement with Downtown Capital Partners, LLC provided by Plaintiff by Defendants was false.

22. In October to early November 2021 prior to the November 12, 2021 Agreement, Defendants provided Plaintiff with a Personal Financial Statement for Jeffrey Parket dated October 1, 2021 that listed assets of $27,550,000 and liabilities of approximately $500,000. Among the items listed as assets is "jewelry" valued at $1,000,000+ and "art" valued at $500,000+.

23. The written Personal Financial Statement for Jeffrey Parket dated October 1, 2021 was false.

24. As part of entering into the contract between the Plaintiff and Defendants on November 12, 2021, Defendants made written statements about the Defendants' financial condition.

25. On November 12, 2021, Defendants individually signed multiple documents which were part of the same loan transaction. The documents are entitled "Security Agreement," "Term Note," and "Credit Agreement."

26. Each of the Defendants' signature appears on the "Security Agreement," "Term Note," and "Credit Agreement."

27. Section 7.1 of the "Credit Agreement" states that "[e]ach [Defendant] is an individual resident of the State of New York, and has all required consents and approvals required to permit [Defendants] to enter into the Loan Documents and to perform his or her obligations under the Loan Documents."

28. Schedule 9.4 to the "Credit Agreement" lists "Investments" by Defendants that exceed $23 million.

29. The written Schedule 9.4 is false.

30. Pursuant to Article 7.5 of the "Credit Agreement" dated November 12, 2021, Defendants agreed that "[t]o induce [Plaintiff] into this Agreement to make the Term Loan hereunder, the [Defendants] represent[] and warrant[] to the [Plaintiff] . . . [t]he financial statements of the [Defendants] as at any time

5

furnished to the [Plaintiff] by the [Defendants], fairly present the financial condition of the [Defendants] as at the dates specified therein."

31. Defendants written representation and warranty was false.

32. Pursuant to Article 8.8 of the "Credit Agreement" dated November 12, 2021, Defendants expressly covenanted in writing that they would "[k]eep adequate and proper records and books of account in which full and correct entries will be made of [Defendants'] financial dealings, business and affairs.

33. Defendants express covenant in writing was false.

34. Defendants knew that Plaintiff would rely on the false written statements in deciding to enter into the Agreement providing for the $4 million loan.

35. Plaintiff relied upon the materially false written statements by Defendants regarding their financial condition in deciding to enter into the Agreement providing for the $4 million loan.

36. As a result of Defendants' fraudulent acts, Plaintiff entered into a loan for $4 million to Defendants that it would not have otherwise agreed to.

37. Defendants caused the materially false written statements to be made with the intent to deceive Plaintiff into granting the loan.

38. On December 23, 2021, Jeffrey Parket's attorney contacted Andrew Redleaf, who executed the Loan Documents on behalf of Plaintiff to inform him

that Jeffrey Parket had lied about his financial condition, had $40 million in undisclosed debt, and no assets. Thus, Defendants defaulted on the loan and the financial statements regarding Defendants' financial condition were false.

39. On December 26, 2021, Jeffrey Parket left a voicemail message for Andrew Redleaf stating "I have no excuses. Obviously, I did terrible things. . . I understand all the things that I did that were wrong."

40. On December 26, 2021, Jeff Parket had a phone conversation with Andrew Redleaf confirming the fabrication of the written documents regarding Defendants' financial condition. Jeff Parket also confirmed that Robyn Parket personally executed the Agreement.

41. Defendant Jeffrey Parket's attorney confirmed during a telephone call on December 28, 2021, that "my client committed a fraud. I don't deny that and my client will not deny that."

42. Defendant Jeffrey Parket's attorney similarly confirmed during a telephone call on December 28, 2021, that the financial statements presented by Defendants during the loan application process were materially false.

43. On December 30, 2021, Jeffrey Parket left a voicemail message for Andrew Redleaf stating "I did horrible things to you. I lied to you. I cannot make any excuses for anything I've done."

## TRIAL BY JURY

44. Plaintiff is entitled to and hereby respectfully demands a trial by jury.  U.S. Const. amend. 7; Fed. R. Civ. P. 38.

## CAUSES OF ACTION

### COUNT I: FRAUD

45. Plaintiff incorporates by reference all of the above paragraphs of the Complaint as though fully stated herein.

46. The above paragraphs identify the time, place, and content of the Defendants' false representations, as well as the details of the Defendants' fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result.

47. As a result of Defendants' fraudulent acts, Plaintiff entered into a loan for $4 million to Defendants that it would not have otherwise agreed to.

48. The foregoing acts and omissions by Defendants constitute fraud.

### COUNT II: NEGLIGENT REPRESENTATION

49. Plaintiff incorporates by reference all of the above paragraphs of the Complaint as though fully stated herein.

50. As part of conveying financial information regarding their financial condition and representing that the financial information was accurate, Defendants had a duty of reasonable care in conveying information.

51. The information provided to Plaintiff was materially false.

52. Defendants breached their duty of reasonable care in conveying information by negligently giving false information.

53. Plaintiff reasonable reliance on the Defendants' misrepresentations, which proximately caused injury to Plaintiff as a result of conveying a $4 million loan which Defendants now allege is not recoverable.

54. Plaintiff was damaged in the amount of $4 million by making a loan to Defendants which Defendants now allege is not recoverable.

## COUNT III: BREACH OF CONTRACT

55. Plaintiff incorporates by reference all of the above paragraphs of the Complaint as though fully stated herein.

56. The Plaintiff and Defendants entered into a valid contract on November 12, 2021.

57. Plaintiff performed all of its obligations under the November 12, 2021 contract.

58. Defendants breached the November 12, 2021 contract by informing Plaintiff that it would not repay the loan; by making false representations and warranties, including without limitation the false list of "Investments" in Schedule 9.4; by failing to promptly provide written notice to Plaintiff of its Default and Events of Default as required by Section 8.13, including without limitation the Event of Default identified in Section 10.1(b); by failing to protect the "Collateral" as required by Section 9.1; by failing to pay the balance on the Term Note and accrued interest after declaration of the Event of Default by Plaintiff; and failure to make the Collateral available to Plaintiff as required by Section 10.2.

59. As a result of Defendants' breach of contract, Plaintiff has suffered damages in the amount of $4 million, plus accrued interest.

60. As provided in the "Term Note," Defendants agreed to pay all costs of collection, including reasonable attorneys' fees since Defendants have failed to pay the Note when due.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants as follows:

a. A Temporary Restraining Order and Preliminary Injunction freezing the Collateral as defined in the Agreement and any other assets of Defendants from being accessed, sold, or transferred by Defendants until resolution of this case;

b. An Order that Defendants engaged in Fraud, Negligent Misrepresentation, and Breach of Contract;

c. An Order requiring Defendants to turn over the Collateral as defined in the Agreement to Plaintiff;

d. For an award of $4 million, plus accrued interest;

e. For an award of all costs of collection, including reasonable attorneys' fees pursuant to the terms of the contract; and

f. For such further and other relief as may be just and proper.

Dated: December 31, 2021            **BRIOL & BENSON, PLLC**

By: /s/ Mark J. Briol
Mark J. Briol (MN #0126731)
Darren B. Schwiebert (MN #0260642)
3700 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Phone: (612) 756-7777
mark@briollaw.com
darren@briollaw.com

*Attorneys for the Plaintiff*